IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DARREN G. MCFADDEN, an individual,**             **PLAINTIFFS**
**and MCFADDEN ENTERPRISES, INC., a**
**Delaware corporation,**

v.                        Case No.: 4:16-cv-000319-JMM

**MICHAEL VICK, a/k/a MICHAEL E. VICK, JR.,**
**an individual, CARLA VICK, an individual,**
**SERENE ROCK VENTURES, LLC, an Arkansas**
**limited liability company, ELITEONES, LLC,**
**an Arkansas limited liability company,**
**SIMMONS BANK, an Arkansas bank, and**
**DOES 1-10 inclusive,**                                **DEFENDANTS**

**PLAINTIFFS' BRIEF IN SUPPORT OF RESPONSE**
**IN OPPOSITION TO DEFENDANTS CARLA VICK AND ELITEONES, LLC'S**
**MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

Plaintiffs, Darren G. McFadden ("McFadden") and McFadden Enterprises, Inc. ("McFadden Enterprises") (collectively, "Plaintiffs"), filed their First Amended Complaint on July 11, 2017. [Doc. # 20.]  The First Amended Complaint added Carla Vick ("Carla Vick") and Eliteones, LLC ("Eliteones") as Defendants in this matter. Despite the 90-day time period in which Plaintiffs have to serve Defendants Carla Vick and Eliteones not expiring until October 9, 2017, Defendants Carla Vick and Eliteones have filed an improper and premature motion to dismiss requesting that the Court dismiss this matter based upon Plaintiffs having allegedly served a nonresident at Defendant Carla Vick's address.

**BRIEF PROCEDURAL BACKGROUND**

On June 6, 2017, Plaintiff McFadden filed his Complaint against Defendant Michael E. Vick, Jr. ("Vick") based upon Defendant Vick's prolific fraud and theft of millions of dollars of Plaintiff McFadden's professional earnings while Defendant Vick was purportedly serving as

1

McFadden's trusted financial advisor. During the course of discovery, Plaintiff has issued approximately twenty-five subpoenas, including to multiple banks and financial institutions. Documents yielded in response to several subpoenas revealed Defendant Vick's fraudulent transfers of Plaintiffs' funds to Defendant Vick's businesses and relatives, including Defendant Vick's wife, Carla Vick, and to one of Defendant Vick's shell companies, Eliteones. By way of example, documents subpoenaed from Defendant Simmons Bank and from Bank of America reveal that Defendant Vick was able to surreptitiously wire transfer in excess of $3,700,000.00 of Plaintiffs' monies out of Plaintiff McFadden Enterprises' bank account at Simmons Bank and directly into Defendant Vick's defunct shell company Eliteone's Bank of America bank account. [Doc. # 47-1.]

On or around March 27, 2017, prior to filing Plaintiffs' First Amended Complaint, Plaintiff McFadden attempted to serve a subpoena upon both Carla Vick and Eliteones. At such time, however, Carla Vick intentionally evaded service of the subpoena and, similarly, Defendant Vick evaded service of the subpoena directed to Eliteones. *See* **Exhibits "A" and "C"**.

Subsequent to the filing of the First Amended Complaint, counsel for Plaintiffs inquired with counsel for Defendant Vick as to whether he would agree to accept service of the First Amended Complaint and Summons on behalf of Defendants Carla Vick and Eliteones. In response, counsel for Defendant Vick responded "No." *See* **Exhibit "B"**.

Thereafter, Plaintiff diligently attempted to serve both Defendant Carla Vick and Eliteones, however, once again, Defendant Carla Vick and Vick continue to evade service. On August 9, 2017, Plaintiffs filed a Proof of Service of Summons for both Carla Vick and Eliteones, believing to have served both Carla Vick and, on behalf of Eliteones, Defendant Vick, by virtue of effectuating service of process upon Camilia Jones at the residence of Defendants Vick and Carla Vick. [Doc. # 37, 38.]

Nonetheless, on August 18, 2017, counsel for Defendant Vick, Willard Proctor, Jr., Esq., filed a notice of appearance on behalf of Defendant Carla Vick and Defendant Eliteones, and also filed a motion to dismiss the complaint against Carla Vick and Eliteones based upon the contention that Camilia Jones allegedly does not actually reside at the residence of Defendants Vick and Carla Vick. [Doc. # 42, #43.]

## ARGUMENT

Plaintiffs' First Amended Complaint was filed on July 11, 2017, and therefore subject to the 90 day time period for service pursuant to Rule 4 of the Federal Rules of Civil Procedure. As Defendants Carla Vick and Eliteones concede, because the First Amended Complaint was filed on July 11, 2017, Plaintiffs have until October 9, 2017 to effectuate service upon Defendants Carla Vick and Eliteones. In addition, Rule 4(m) states: "[I[f the plaintiff shows good cause for the failure [to serve within 90 days], the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).  Of course, at this time the need for an extension has not yet arisen, but Plaintiffs could certainly show good cause.  *See* **Exhibit "C"**.

Further, the intent of the rules for serving process is to provide sufficient notice to defendants of any actions filed against them. *See* 4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1061 (4th ed. 2013). "The rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *TRW, Inc. v. Derbyshire*, 157 F.R.D. 59, 60 (D. Col. 1994).  Rather, "the rules governing service of process are utilized for the purpose of providing a likelihood of bringing actual notice to the intended recipient." *Minn. Mining & Mfr. Co. v. Kirkevold*, 87 F.R.D. 317, 324 (D. Minn. 1980). "The service of process is not a game of hide and seek. Where service is repeatedly effected in accordance with the applicable rules of civil procedure and in a manner reasonable calculated to notify the defendant of the institution of an action . . . the defendant cannot claim that the court has no authority to act

when he has willfully evaded the service of process." *Elecs. Boutique Holdings Corp. v. Zaccarini*, No. Civ. A 00-4055, 2001 WL 83388, at *9 (E.D. Pa. Jan. 25, 2011).

Here, Defendants Carla Vick and Eliteones are acutely aware of this action that has been filed against them, are represented by counsel already of record for other defendants, and are nonetheless proactively evading service. In addition, counsel for Defendants Carla Vick and Eliteones has further elected to refuse to accept service on their behalf. *See* **Exhibits "A" and "B"**.  This, despite the fact that he waived service for Defendant Michael Vick, the registered agent for Eliteones.  *See* Doc. # 6.

Based upon Defendants Carla Vick and Eliteones' newfound contention that Plaintiffs' prior attempt to effectuate service upon Defendants Carla Vick and Eliteones was defective as a result of Camilia Jones not being a resident of ***their residence*** at 15312 Joiner Road, Little Rock, AR 72210, Plaintiffs will continue to proceed to effectuate service upon Defendants Carla Vick and Eliteones within the allotted timeframe.

Where a premature motion to dismiss is filed under Rule 12(b)(5), the appropriate action is to treat the motion is one to quash service, rather than dismissing the case. *See Umbenhauer v. Woog,* 969 F.2d 25, 30 (3rd Cir. 1992) ("[D]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service."); *Grant v. Prince George's County Dep't.,* 2016 U.S. Dist. LEXIS 85106, at *12-13 (D. Md. June 29, 2016) ("Insufficient service of process, however, does not necessitate dismissal."); and *Bailey v. Boilermakers Local 677*, 480 F. Supp. 274, 278 (N.D.W. Va. 1979) ("This Court has discretion to retain the case and yet quash the service of process colorably made upon the defendant . . .. If the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service.").  At most, this Court should

treat the motion as one to quash service, leaving Plaintiffs the opportunity to serve Carla Vick and Eliteones.

  **WHEREFORE**, premises considered, Plaintiffs, Darren G. McFadden and McFadden Enterprises, Inc., respectfully request the Court enter an Order denying Defendants Carla Vick and Eliteones, LLC's Motion to Dismiss for Insufficient Service of Process and allow Plaintiffs to continue to attempt to effectuate service of the First Amended Complaint and Summons upon Defendants Carla Vick and Eliteones, LLC within the allotted time afforded under Rule 4 of the Federal Rules of Civil Procedure.

**DATED:** September 1, 2017   Respectfully submitted,

            LAX, VAUGHAN, FORTSON,
            ROWE & THREET, P.A.
            Cantrell West Building
            11300 Cantrell Road, Suite 201
            Little Rock, AR 72212
            (501) 376-6565
            (501) 376-6666 (facsimile)
            gfortson@laxvaughan.com

           By */s/ Grant E. Fortson*
             Grant E. Fortson (ABN 92148)
             *Attorneys for Plaintiffs*
             DARREN G. MCFADDEN and MCFADDEN
             ENTERPRISES, INC.

**OF COUNSEL:**

**Simran A. Singh, Esq.** (*Pro Hac Vice*)
 ssingh@singhtraubenlaw.com
**Michael A. Trauben, Esq.** (*Pro Hac Vice*)
 mtrauben@singhtraubenlaw.com
**Dal Singh, Esq.** (*Pro Hac Vice*)
 dsingh@singhtraubenlaw.com
**SINGH, SINGH & TRAUBEN, LLP**
400 S. Beverly Drive, Suite 240
Beverly Hills, CA 90212
Tel: (310) 856-9705
Fax: (888) 734-3555

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Grant E. Fortson, do hereby certify that I have sent via:

\_\_\_\_ U.S. Mail, postage prepaid
\_\_\_\_ Hand-delivery
\_\_\_\_ Facsimile
\_\_\_\_ Electronic Mail
XXX  Federal Court ECF System to the Clerk of the Court for filing and transmittal of Notice of Electronic Filing to ECF registrants

this 1st day of September 2017, a true and complete copy of the foregoing attached document to the following individual:

Mr. Willard Proctor, Jr.
*-via electronic mail to Willard@wpjrlaw.com*

Mr. Steven W. Quattlebaum
*-via electronic mail to squattlebaum@qgtlaw.com*

Mr. E.B. Chiles IV
*-via electronic mail to cchiles@qgtlaw.com*

Mr. Joseph W. Price, II
*-via electronic mail to jprice@qgtlaw.com*

   /s/ *Grant E. Fortson*
        Grant E. Fortson